IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAPHAEL CORTEZ HOWE, II ) | |
| ) | No. 3:16-cv-1036 |
| Movant, ) | Judge Aleta A. Trauger |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

The movant Raphael Cortez Howe, II, a federal prisoner presently housed at FCI Forrest City Low in Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence ("§ 2255 Motion"), imposed by this Court on April 21, 2008 (Crim. Case. No. 3:06-cr-00151 ("Crim."), ECF Nos. 41, 46). The movant filed his *pro se* §2255 Motion on May 25, 2016[1] raising a single ground for relief -- that his sentence should be corrected to reflect a 13 month reduction under United States Sentencing Guidelines ("U.S.S.G.") §5G1.3(c). (ECF Nos. 1.) The respondent filed an opposition to the movant's §2255 Motion (ECF No. 11) arguing that the movant is not entitled to relief. For the reasons set forth herein, the Court finds that an evidentiary hearing is not required, and the record establishes that the movant is not entitled to relief.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on May 25, 2016, 2014, and it was received by the Court on May 27, 2016. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

I.  **Procedural Background**

On August 30, 2006, an indictment was filed against the movant and an arrest warrant issued. (Crim. ECF No. 1.) The indictment charged the movant, in count one, with violation of 21 U.S.C. §841(a)(1) (unlawfully, knowingly and intentionally possessing with the intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base) and, in count two, with violation of 18 U.S.C. §§ 922(g)(1) and 924 (being a previously convicted felon in possession of a firearm). (*Id.*)

On January 9, 2008, the movant submitted to the court a petition to enter a guilty plea, which the court accepted. (Crim. ECF No. 33.) The movant agreed to enter a plea of guilty to the charges in counts one and two. (*Id.*) Additionally, the movant agreed that the charges carried a minimum sentence of 5 years to a maximum of 40 years as to count one, and a maximum term of 10 years as to count two. (*Id.*)

A sentencing hearing was held on April 21, 2008. (Crim. ECF No. 46.) At the sentencing hearing, the court found, and noted that the movant admitted, that he was a career offender within the meaning of United States Sentencing Guideline §4B1.1. (Crim. ECF No. 46, Page ID# 137.) The court also noted that the movant had a base offense level of 31 with a criminal history category of 6, which resulted in a guideline range of 188 to 235 months. (*Id.* at Page ID# 138.) Nevertheless, the court granted the movant a two-level downward departure, which resulted in a guideline range of 151 to 188 months, and sentenced him to a 151 month term of imprisonment on count 1 and a 120 month term of imprisonment on count two, to be served concurrently with each other and with the state sentence the movant was serving at the time of sentencing. (*Id.* at Page ID# 188-89.) Judgment was entered on December 19, 2008.

The movant timely appealed his sentence arguing that it was substantively unreasonable

for the court to impose a prison term of 151 months. In an opinion issued on April 20, 2010, the appellate court found that the court's sentencing decision was reasonable and affirmed the judgment of conviction. (Crim. ECF No. 48.)

On July 15, 2013, the movant filed a counseled motion for retroactive application of the sentencing guidelines to crack cocaine offenses under 18 U.S.C. § 3582 relying on the Sixth Circuit's decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). (Crim. ECF No. 53.) The movant's § 3582 motion was held in abeyance pending the Sixth Circuit's *en banc* review of the *Blewett* decision. (Crim. ECF No. 54.)

While the movant's §3582 motion was pending in abeyance, the movant filed a *pro se* motion pursuant to Fed. R. Crim. P. 36 to correct an error or omission in the judgment of conviction arguing that due to an error his correct sentence "in view of the time spent in official detention should be 138 months after the 5G1.3(c) adjustment" and not 151 months as noted in the judgment. (Crim. ECF No. 56 at Page ID#225.) The court ordered the movant's counsel to inform it whether he intended to represent the movant in connection with his Rule 36 motion, and if so, whether counsel intended to file a supplement, or an amended motion. (Crim. ECF No. 58.) Counsel informed the court that he intended to represent the movant and that he intended to file additional moving papers. (Crim. ECF No. 59.) After the Rule 36 motion was fully briefed, the court denied the motion, concluding that there was no basis upon which to reduce the movant's sentence to 138 months. (Crim. ECF No. 69.) The movant timely appealed the court's order, but his appeal was dismissed for want of prosecution. (Crim. ECF Nos. 70-71.)

On October 20, 2014, the movant filed another *pro se* §3582 motion relying on

Amendment 782 to the United States Sentencing Guidelines,[2] and arguing that he was entitled to a two-level reduction to his sentence as a result of the changes to the drug guidelines. (Crim. ECF No. 73.) The Court appointed counsel and ordered that a revised Presentence Investigation Report (PSIR) be prepared. (Crim ECF No. 74.) The movant's counsel reviewed the briefing in this matter, the PSIR and the revised PSIR and concluded that because the movant's guideline range was not lowered as a result of amendment 782, he was not eligible for a sentence reduction. (Crim. ECF No. 79.) The court found that because the drug guidelines were not used in the computation of the movant's sentence, and because the movant was sentenced as a career offender, Amendment 782 did not apply and the movant was not eligible for a sentence reduction. Accordingly, the movant's §3582 motion was denied. (Crim. ECF No. 80.)

On February 12, 2016, the movant filed a renewed §3582 motion again relying on Amendment 782. (Crim. ECF No. 82.) The court denied the movant's motion because the record was clear that the movant's sentence was based on the career offender guideline, and was not effected by Amendment 782. (Crim. ECF NO. 83.) The movant timely appealed. On July 1, 2016, the movant's appellate counsel filed a motion in accordance with *Anders v. California*, 386 U.S. 738,744 (1967) (requiring counsel to withdraw where, after a "conscientious examination" of the record, counsel finds his client's case to be "wholly frivolous" and mandating that counsel file "a brief referring to anything in the record that might arguably support the appeal"), requesting that he be allowed to withdraw as counsel and explaining that he was "unable to find anything in the record that might arguably support [the movant's] appeal." (*United States v, Howe,* Case No. 16-5479, ECF No. 15.) On October 17, 2016, the Sixth Circuit granted appellate counsel's motion and affirmed the district court judgment concluding that the district

---

[2] Amendment 782 modified the sentencing guidelines to implement the changes required by the passage of the Fair Sentencing Act.

court was not authorized to reduce the movant's sentence under §3582(c)(2) because his adjusted offense level was based on his status as a career offender and not on the quantity of drugs he possessed. (*Id.* at ECF No. 17.)

## II. The Current Motion

In the instant §2255 motion, the movant argues that "the sentencing court's judgment was improper and invalid from the outset" because the court failed to consider or misapplied United States Sentencing Guideline § 5G1.3(c) when it imposed the movant's sentence. (ECF No. 1 at Page ID#8.) The government responds that the movant is not entitled to relief because his §2255 motion is time-barred, procedurally defaulted, the claim he raises is not cognizable on collateral review and the claim is meritless.

## III. Discussion

### A. The Movant's Claim is Time-Barred

Federal prisoners must file any motion to vacate within one year of the date on which: (1) the judgment of conviction becomes final; (2) a governmental impediment to making the motion is removed; (3) a right was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255(f)(1)–(4).

The Sixth Circuit affirmed the movant's conviction of April 20, 2010. (Crim. ECF No. 47.) Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that "[w]hen a defendant does not seek

certiorari review of the judgment entered by the court of appeals, his conviction becomes final under § 2255 either when the court of appeals mandate is filed, or when the time for seeking certiorari review expires); *United States v. Clay,* 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). The ninety-day period expired on July 19, 2010. The movant did not file his §2255 Motion until May 25, 2016. Consequently, his motion is time-barred.

B. **The Movant's Claim was Procedurally Defaulted**

Although the movant appealed this court's denial of his §3582 motion, that motion dealt with the movant's argument that he was entitled to a two-level reduction to his sentence under Amendment 782. The movant did not raise the claim he raises here on appeal before the Sixth Circuit. "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The movant has not alleged any facts that would support a finding of cause and prejudice to excuse this procedurally defaulted claim. Accordingly, the movant's claim is procedurally defaulted.

C. **The Movant's Claim is not Cognizable on Collateral Review**

To prevail upon a motion for habeas relief under 28 U.S.C. § 2255, prisoners must allege that: (1) their conviction resulted from an error of constitutional magnitude; (2) their sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *see also Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). Prisoners must sustain their allegations by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). "[N]onconstitutional claims . . . can be raised on

collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal citations and quotation marks omitted).

The movant baldy asserts that the court's "failure to apply § 5G1.3(c) constitutes [a] 'miscarriage of justice'." However, merely failing to consider, or to apply, a sentencing guideline does not rise to the level of a "fundamental defect which inherently results in a complete miscarriage of justice. *Id.*; *see also Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) (holding that §2255 relief is not ordinarily available for alleged errors in applying the sentencing guidelines.) As a result, the movant fails to raise a cognizable claim.

### D. The Movant's Claim is Without Merit

The movant claims that because the court ordered that the sentence imposed in connection with his underlying criminal case run concurrently to the state sentence which he was serving at the time of his federal sentencing, the court "declared [its] intent to depart under §5G1.3(c) ." (ECF No. 1 at Page ID#2.) The movant argues that to properly effectuate its intention, the court should have reduced his sentence by 13 months. Respondent surmises that the movant intends to argue that under §5G1.3 (b) or the application notes to §5G1.3(c) of the United States Sentencing Guidelines in effect in 2007, his sentence should have been reduced by the 13 months during which he was serving his state sentence, but was in the temporary custody of the U.S. Marshal's service in connection with the underlying criminal case.

Even if the movant's claim were not time-barred, procedurally defaulted and non-cognizable, he still would not be entitled to relief because he entirely fails to establish that the court's order that his federal sentence run concurrent to his state sentence implicated §5G1.3(b) or the application notes to §5G1.3(c). Nowhere in the transcript of the sentencing hearing does

7

the court suggest that it intends to reduce the movant's sentence, nor did the movant ever argue that his sentence should be reduced.  *See United States v. Petrus,* 588 F.3d 347, 352 (6th Cir. 2009) ( recognizing that "[i]t is not incumbent on the district judge to raise every conceivably relevant issue on his own initiative.  However, if a defendant raises a particular argument in support of a lower sentence, the record must reflect that the district judgment both considered the defendant's argument and explained the basis for rejecting it."  (internal citations and quotation marks omitted).)  Merely ordering that the movant's federal sentence run concurrently to his state sentence is insufficient to establish that the court intended to *reduce* the movant's sentence, especially, where, as here, the movant never sought such a reduction during sentencing.

Moreover, even if the movant had sought a reduction, at the sentencing hearing the court repeatedly made clear its determination that a sentence of 151 months was "sufficient but not greater than necessary to meet the sentencing goals of punishment and deterrence and also those other factors that are set forth in § 3553(A)." (Crim. ECF No. 46 at Page ID# 196; *see also* Page ID##188-89, 197-98).

Finally, even if it were appropriate for the court to consider a reduction in sentence here, the movant fails to establish the applicability of §5G1.3(b) or the application notes to §5G1.3(c).

## IV. CONCLUSION

For the reasons set forth herein, the court concludes that the movant is not entitled to the relief sought.  His motion will therefore be denied and this matter dismissed.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court must, at the time of entry of the final order denying relief, either issue or deny a certificate of appealability ("COA").  The court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Perkins v. McQuiggin*, 670 F.3d

665, 668 (6th Cir. 2012). A "substantial showing" is made when the movant demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). "[A] COA does not require a showing that the appeal will succeed." *Id.* at 337. Courts should not issue a COA as a matter of course. *Id.*

Under this standard, the court finds that the movant has failed to make a substantial showing of the denial of a constitutional right with regard to any of the grounds for relief set forth in his motion and supporting memorandum of law. The court will therefore decline to issue a COA.

An appropriate order is filed herewith.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE